**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Carrillo, | No. CV-24-1183-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Go Fund Me, et. al., | |
| Defendants. | |

Pro se Plaintiff Judy Carrillo has filed a complaint against Defendants Go Fund Me, PayPal, Charles Schwab, Christopher Fox, Heather Wolven, and Angela Bowles. Doc. 1.  She has also filed a motion to proceed in forma pauperis ("IFP").  Doc. 2.  The Court will deny Plaintiff's motion.

## I.    IFP Motion.

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a).  The Court may authorize the filing of a suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the filing fees or costs.  28 U.S.C. § 1915(a).  "[T]he privilege of proceeding in forma pauperis is a matter within the discretion of the trial court[.]"  *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Plaintiff's complaint asserts over a dozen state and federal causes of action against Defendants, including allegations of identity theft and the creation of fraudulent Go Fund

Me and PayPal accounts.  Doc. 1.  Plaintiff is no stranger to litigation in this district.  In the past two months, she has filed 45 cases against various corporate defendants, seeking between $200,000 and $30 billion dollars.[1]  In three such cases, Judge McNamee denied Plaintiff's IFP motion, concluding that she "is abusing the Court's process for *in forma pauperis* litigants, which is intended to ensure access to the justice system for claimants who cannot afford to pay the filing fee."  *Carrillo v. Only Fans et. al.*, No. 2:24-cv-00759-SMM at *2 (May 29, 2024) (Doc. 5).  *See also Carrillo v. Landmark Event Center*, No. 2:24-cv-01193-SMM (May 29, 2024) (Doc. 5); *Carrillo v. Anderson Lock & Safe*, No. 2:24-cv-01242-SMM (May 29, 2024) (Doc. 5).

"This court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis."  *Visser v. Supreme Ct. of State of Cal.*, 919 F.2d 113, 114 (9th Cir. 1990).  When the IFP privilege is misused, permission to proceed IFP can be denied.  *See Demos v. U.S. Dist. Ct. for E.D. of Wash.*, 925 F.2d 1160, 1160-61 (9th Cir. 1991).  As the Supreme Court explained:

> [T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice.  The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.  *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions.

---

[1] *See* Case Nos. 2:24-cv-00757-PHX-JZB; 2:24-cv-00758-PHX-SMM; 2:24-cv-00759-PHX-SMB; 2:24-cv-00769-PHX-SPL; 2:24-cv-00770-PHX-MTM; 2:24-cv-00771-PHX-SMM; 2:24-cv-00806-PHX-SPL; 2:24-cv-00807-PHX-MTL; 2:24-cv-00808-PHX-DLR; 2:24-cv-00809-PHX-ESW; 2:24-cv-00873-PHX-MTL; 2:24-cv-00874-DMF; 2:24-cv-00884-PHX-ASB; 2:24-cv-00885-PHX-SMM; 2:24-cv-00886-PHX-DJH; 2:24-cv-00937-PHX-JZB; 2:24-cv-00938-PHX-DWL; 2:24-cv-01184-PHX-MTL; 2:24-cv-01185-PHX-SMB; 2:24-cv-01186-PHX-DWL; 2:24-cv-01187-PHX-DLR; 2:24-cv-01188-PHX-ASB; 2:24-cv-01189-PHX-SMB; 2:24-cv-01190-PHX-DLR; 2:24-cv-01191-PHX-GMS; 2:24-cv-01192-PHX-GMS; 2:24-cv-01193-PHX-SMM; 2:24-cv-01194-PHX-JJT; 2:24-cv-01195-PHX-ESW; 2:24-cv-01196-PHX-MTM; 2:24-cv-01197-PHX-GMS; 2:24-cv-01198-PHX-DMF; 2:24-cv-01199-PHX-ASB; 2:24-cv-01200-PHX-DWL; 2:24-cv-01201-PHX-DLR; 2:24-cv-01202-PHX-SPL; 2:24-cv-01203-PHX-DLR; 2:24-cv-01239-PHX-DWL; 2:24-cv-01240-PHX-ESW; 2:24-cv-01241-PHX-JFM; 2:24-cv-01242-PHX-CDB; 2:24-cv-01244-PHX-DWL; 2:24-cv-01245-PHX-SPL.

1

2

*In re Sindram*, 498 U.S. 177, 179 (1991); *see also in re McDonald*, 489 U.S. 180, 184 (1989).

3

4

Plaintiff is abusing the IFP privilege.  Of the 45 cases she has filed so far, nine

5

have been dismissed after the judge screened her complaint.[2]  In none of these has she

6

filed an amended complaint to address the noted deficiencies.  Six of her cases have

7

pending show cause orders because Plaintiff has not complied with the local rules.[3]  In

three of those cases, Plaintiff has failed to appear for a show cause hearing.

8

9

As Judge McNamee noted, Plaintiff shows no sign of prosecuting her cases

10

beyond the filing of her initial complaint.  Allowing her to proceed would unjustifiably

11

strain the Court's resources.  *Carrillo v. Only Fans, et. al.*, No. 2:24-cv-758-SMM (May

12

30, 2024) (Doc. 5); *see also Tuck v. Capitol One Bank*, No. 3:17-cv-01555, 2017 WL

13

6547739 (S.D. Cal. Dec. 20, 2017) ("The more than two dozen consumer credit cases

14

filed by Plaintiff . . . in the past two years along with requests to proceed IFP is an abuse

of the IFP process."); *Williams v. Lopez*, No. 2:16-cv-0131, 2016 WL 921550 (E.D. Cal.

15

Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 3181214 (E.D. Cal. June

16

7, 2016) (denying IFP application in part because Plaintiff "engaged in a pattern of

17

litigation which is manifestly abusive"); *In re Golden*, No. 18-CV-2089, 2020 WL

18

5819753 (S.D. Cal. Sept. 30, 2020) (same).

19

20

21

[2] *See Carrillo v. Simple Mobile Wireless*, No. 2:24-cv-00769-PHX-SPL (April 15, 2024) (Doc. 5); *Carrillo v. Progressive Ins. Co.*, No. 2:24-cv-00771-PHX-SMM (April 29, 2024) (Doc. 5); *Carrillo v. Sentry Ins. Co.*, No. 2:24-cv-00808-PHX-DLR (April 17, 2024) (Doc. 5); *Carrillo v. U.S. Bank et. al.*, No. 2:24-cv-00873-PHX-MTL (May 7, 2024) (Doc. 5); *Carrillo v. Bank of Am.*, No. 2:24-cv-00885-PHX-SMM (May 20, 2024) (Doc. 5); *Carrillo v. 99 Cents Only Stores LLC*, No. 2:24-cv-00938-PHX-DWL (May 3, 2024) (Doc. 5); *Carrillo v. Synchrony Bank*, No. 2:24-cv-01184-PHX-MTL (May 23, 2024) (Doc. 5); *Carrillo v. Hewlett Packard*, No. 2:24-cv-01190-PHX-DLR (May 30, 2024) (Doc. 5); *Carrillo v. Ring et. al.*, No. 2:24-cv-00873-PHX-MTL (May 29, 2024) (Doc. 5).

22

23

24

25

26

[3] *See Carrillo v. Compass Grp. et. al.*, No. 2:24-cv-00757-PHX-JZB (April 29, 2024) (Doc. 5); *Carrillo v. Cricket Wireless et. al.*, No. 2:24-cv-00757-PHX-JZB (April 29, 2024) (Doc. 5); *Carrillo v. Kohl's et. al.*, No. 2:24-cv-00809-PHX-ESW (April 29, 2024) (Docs. 5); *Carrillo v. Comenity Capital Bank. et. al.*, No. 2:24-cv-00874-PHX-DMF (May 13, 2024) (Doc. 5); *Carrillo v. Fed. Trade Comm.*, No. 2:24-cv-00884-PHX-ASB (May 13, 2024) (Doc. 5); *Carrillo v. Chex Sys. Inc.*, No. 2:24-cv-00937-PHX-DMF (May 13, 2024) (Doc. 5).

27

28

3

Plaintiff's IFP motion will be denied.  If she intends to proceed with this lawsuit, she must pay the filing fee by **June 17, 2024**.  If the filing fee is not paid by that date, this case will be terminated.

**IT IS ORDERED:**

1.      Plaintiff's IFP motion (Doc. 2) is **denied**.

2.      Plaintiff shall have until **June 17, 2024** to pay the filing fee of $405.00.  If Plaintiff fails to pay the filing fee by that date, the Clerk is directed to terminate this action without further notice or Order of the Court.

Dated this 3rd day of June, 2024.

David G. Campbell
Senior United States District Judge